# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ERIC FLORES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Cause No.: 2:15-CV-139–TLS |
| UNITED STATES ATTORNEY GENERAL, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Complaint [ECF No. 1] and Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] filed on April 9, 2015. The Plaintiff, proceeding pro se, appears to allege that the Defendants violated his constitutional rights under the First Amendment. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen the Plaintiff's Complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages.

Having reviewed the Plaintiff's Complaint, the Court concludes that he cannot proceed with any of his claims. First, this Court is not the proper venue for a case against the Defendants. Generally, an action may be brought in the judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," or in the district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(1–2). The Plaintiff's listed address is in Texas, and the Complaint appears to outline an incident that occurred solely in

1

Texas and involved federal officials in Texas. Pursuant to 28 U.S.C. § 1406(a), this case must be dismissed unless it should be transferred in the interests of justice. However, transferring the case would be futile because the Plaintiff's allegations are legally frivolous and fail to state a claim upon which relief may be granted. Although it is difficult to discern the Plaintiff's claims, the Complaint appears to describe the Plaintiff's interactions with an "organized group of executive employees of the federal government." Compl. 7. The Plaintiff asserts that such employees violated his First Amendment rights by engaging in a variety of seemingly outlandish acts, including using "nuclear advanced technology with a direct signal to the satellite in outerspace that has the capability of calculating a genetic code to cause [the Plaintiff] severe mental pain for long durations exceeding calendar days in which was equivalent in intensity to the explosion of a nuclear weapon." *Id.* at 14 (minor grammatical errors omitted). Aside from the far-fetched nature of the Plaintiff's allegations, he fails to set forth a proper factual background in support of such allegations. Therefore, the Plaintiff's Complaint must be dismissed.

For the reasons set forth above, the Court DENIES the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] and DISMISSES the Plaintiff's Complaint [ECF No. 1] WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED on May 7, 2015.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION